UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE J. RUSHION,

                    Plaintiff,

      - against -

BRIAN FULLER, Parole Officer;
ADMINISTRATIVE JUSTICE CHAMPBELL;
JOHN DOE # 1, Queens General Nurse; JOHN
DOE # 2, Queens General Officer; JOHN DOE #
3, Queens General Officer; JOHN DOE # 4,
Queens General Officer; HEAD SUPERVISOR
CHAIRMAN/CHIEF COUNSEL, 1st
Department Disciplinary Committee; KAREN
McQUADE, Transcript Stenographer; PRS
DEBORAH GALLEY,

                  Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM & ORDER**
13-CV-4277 (RRM) (LB)

        Plaintiff *pro se* Andre Rushion, an inmate in the custody of the New York City

Department of Correction, filed this civil action on July 16, 2013, alleging multiple federal

constitutional and state law violations stemming from an altercation with New York State parole

officers and personnel at Queens General Hospital.[1]  (*See* Compl. (Doc. No. 3) at 8–14 (ECF

Pagination).)  Plaintiff also alleges additional constitutional violations arising from parole

revocation hearings held before a state administrative law judge.  (*Id.*)  Plaintiff requests

permission to proceed *in forma pauperis* (Doc. No. 2) and has filed an Order to Show Cause

seeking to enjoin all defendants from "proceeding with the administrative hearing for warr[a]nt

---

[1] This case was originally filed in the U.S. District Court for the Southern District of New York.  The case was
transferred to this district on July 30, 2013.  (Doc. No. 5.)

"#631524" until defendants disclose all complaints, medical records, and hearing transcripts pertaining to this incident for the Court's review.[2] (*See* Doc. No. 1 at 1–4 (ECF Pagination).)

Pursuant to 28 U.S.C. § 1915, plaintiff's application to proceed *in forma pauperis* is GRANTED. For the reasons that follow, however, plaintiff's requests for a preliminary injunction and temporary restraining order are DENIED and the Court dismisses *sua sponte* all claims alleged against "Administrative Justice Champbell" and the "Head Supervisor Chairman/Chief Counsel" of the "1st Department Disciplinary Committee."

## FACTS

According to the complaint, on December 13, 2011, plaintiff was being escorted to a New York State Division of Parole vehicle in Queens when he slammed his head through a car window. (Compl. at 8.) Plaintiff was immediately taken back inside the parole office, pushed into a chair, and shackled. During this time, plaintiff was in a "daze" and did not struggle or resist. Defendant Fuller and another unidentified officer lifted plaintiff and began to carry him out of the office, each supporting one end of plaintiff's body. When plaintiff began "wiggling," the unidentified officer dropped plaintiff. (*Id.*) Fuller then dragged plaintiff "on the carpet," causing him to suffer "rug burn on his stomach," and kneeled on plaintiff's back while "pulling [plaintiff's] red hooded sweatshirt." (*Id.*) Plaintiff maintains that Fuller treated him in this manner because he was Muslim and despite the fact that plaintiff was "in no shape[,] form or fashion a threat to . . . any of the other parole officers['] safety." (*Id.* at 9.)

Plaintiff remained on the floor until officers from the New York City Police Department and Emergency Medical Services personnel arrived to transport him to Queens General Hospital. (*Id.*) At the hospital plaintiff was placed on a stretcher, laying on his left side because his right

---

[2] Plaintiff also requests disclosure orders as to other parties not named in this action, including "US Attorney Preet [Bharara]" and "the FBI Office at 26 Federal Plaza." (Doc. No. 1 at 3.) Because plaintiff did not name these parties as defendants, the Court has no occasion to consider these requests.

rib was broken.  Defendant John Doe #1, an unidentified nurse, approached plaintiff from behind and "aggressively twisted [plaintiff's] wrist."  (*Id.*)  Plaintiff cursed and spit at the nurse.  In response, an unidentified members of the "hospital police" restrained plaintiff by placing a surgical face mask over plaintiff's mouth, grabbing plaintiff's sweatshirt, and forcefully pressing a forearm against plaintiff's "neck area."  (*Id.* at 10, 14.)  Plaintiff requested several times that he be told the names of the individuals involved in these altercations, but no names were ever provided.  (*Id.* at 10.)

The complaint also alleges that plaintiff "spent 5 months over the 90 day deadline under [the NYS] Executive law that the [parole] board has to come to a decision."[3]  (*Id.* at 11.)  While "going back and forth before Judge Champbell," plaintiff states that defendant Champbell, repeatedly interrupted him during court hearings "in a very rude manner," "refuse[d] to disclose . . . video footage" of plaintiff's incident at the Queens parole office, and declined to call several witnesses plaintiff sought to question.  (*Id.*)  Plaintiff also alleges that his lawyer, "Mr. Caban,"[4] failed to represent him aggressively and that certain records were falsified by defendant McQuade, the court reporter at plaintiff's hearings.  (*Id.*)  Plaintiff sent several letters reporting this conduct to the "Head Supervisor Chairman/Chief Counsel" of the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department.  (*Id.*)

---

[3] Presumably, plaintiff is referring to N.Y. Exec. Law § 259-i, which provides, in pertinent part, that

> Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination.  However, if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended.

*Id.* § 259-i(3)(f)(i) (McKinney 2013).  *See also People ex rel. Brown v. New York State Div. of Parole*, 516 N.E.2d 194 (N.Y. 1987).

[4] Although the complaint contains allegations against "Mr. Caban" (*see* Doc. No. 3 at 11, 14), plaintiff did not name his lawyer as a defendant in this action.

Plaintiff alleges that "high[-]ranking supervisor staff ignored and justified" the complained of actions.  (*Id.*)

## STANDARD OF REVIEW

Title 28 U.S.C. § 1915A, provides that this Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" to "identify cognizable claims" and must "dismiss the complaint, or any portion of the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(a), (b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Likewise, when a plaintiff proceeds *in forma pauperis*, the Court is required to review and dismiss a complaint according to similar criteria.  *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint does not state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when a plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court reads a *pro se* complaint with "special solicitude," interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (*per curiam*); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).  However, a *pro se* complaint must still contain sufficient factual allegations to meet the standard for plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

**DISCUSSION**

**I.    Claims Against Defendants Champbell and Galley**

Plaintiff first alleges that defendant Champbell, an administrative justice with the New York State Division of Parole, interrupted him during court hearings and limited the evidence that plaintiff could present.  Judges and other judicial officers have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity extends to an administrative law judge who presides over a parole hearing.  *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding that "parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole").  This immunity "is not overcome by allegations of bad faith or malice" or "because the action [a judicial officer] took was in error or was in excess of his [or her] authority."  *Mireles*, 502 U.S. at 11, 13 (internal quotations and citations omitted).

Here, plaintiff alleges that was inconsiderate and made unfavorable evidentiary rulings.  Evidentiary rulings are quintessential judicial acts performed in a judicial capacity; thus, judicial officers are absolutely immune from suits for damages predicated on such rulings.  *See, e.g.*, *Lacey v. Calabrese*, No. 05-CV-2040 (SJF) (WDW), 2005 WL 1285702, at *2 (E.D.N.Y. May 26, 2005).  Judicial immunity may be overcome only for "nonjudicial actions" or judicial actions taken "in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 13.  Plaintiff does not allege an absence of jurisdiction or any non-judicial conduct on the part of Administrative Justice Champbell.  Accordingly, plaintiff's claims against defendant Champbell must be dismissed.[5]

---

[5] Plaintiff also named as a defendant "PRS Deborah Galley," identified in plaintiff's Order to Show Cause as a "parole revocation specialist."  (Doc. No. 1 at 2.)  Although the complaint contains no allegations as to defendant Galley, plaintiff's Order to Show Cause alleges that "Debra [*sic*] Galley and administrative Justice Champbell worked as a team to violate my constitutional right to present evidence in my favor."  (*Id.*)  In light of plaintiff's *pro*

## II.    Claims Against Departmental Disciplinary Committee Officer

Plaintiff next alleges that the "Head Supervisor Chairman/Chief Counsel" of the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department, ignored the letters plaintiff wrote to the Committee detailing his dissatisfaction with both his attorney and Administrative Justice Champbell.[6]  Absent a state's consent to suit or waiver of immunity, the Eleventh Amendment to the United States Constitution bars suits for damages against states, state agencies, and state officials acting in their official capacity.[7]  *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, as a state agency, the Disciplinary Committee and its officers are immune from suit.  *See Napolitano v. Saltzman*, 315 F. App'x 351 (2d Cir. 2009); *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 58 (2d Cir. 1996).

In any event, though plaintiff alleges that the Committee violated his rights under the First Amendment, the facts pled fail to give rise to a theory of liability in connection with any protected right.  Accordingly, the claims against the defendant designated as the "Head Supervisor Chairman/Chief Counsel" of the "1st Department Disciplinary Committee" are dismissed.

---

*se* status, the Court construes this allegation as incorporated in plaintiff's complaint.  *Triestman*, 470 F.3d at 474–75; *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

[6] "The Committee is composed of lawyers and a smaller number of non-lawyers appointed by the Appellate Division of the Supreme Court, First Judicial Department" and charged with "protect[ing] the public and the legal profession by ensuring that lawyers adhere to the ethical standards set forth in the Rules of Professional Conduct . . . ." *Departmental Disciplinary Committee*, New York State Supreme Court, Appellate Division, First Department, http://www.courts.state.ny.us/courts/ad1/Committees&Programs/DDC/.

[7] A suit against the "Head Supervisor," "Chairman," or "Chief Counsel" in an official capacity is deemed to be an action against the state.  *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (internal citations omitted).

## III. Request for Preliminary Injunction and Temporary Restraining Order

Plaintiff also requests a permanent injunction and temporary restraining order enjoining defendants from "proceeding with the administrative hearing for warr[a]nt # 631524," which appears to be a parole revocation hearing. (Doc. No. 1 at 1.) Under *Younger v. Harris*, 401 U.S. 37 (1971), district courts generally must abstain from enjoining ongoing state proceedings. *See id.* at 41; *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). "Although the *Younger* abstention doctrine was born in the context of state criminal proceedings, it now applies with equal force to state administrative proceedings." *Diamond "D" Const.*, 282 F.3d at 198 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986)). Unless a plaintiff demonstrates extraordinary circumstances that warrant federal intervention, *Younger* abstention is required when an ongoing state proceeding implicates important state interests and affords an adequate opportunity for judicial review. *Diamond "D" Const.*, 282 F.3d at 198; *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir.), *cert. denied*, 516 U.S. 1012 (1995).

Each of the requisite preconditions is satisfied in this case. First, the complaint indicates that the state proceeding in question is already pending. Second, enforcing parole conditions and supervising its parolees are important and appropriate state interests. Third, plaintiff can raise his constitutional claims in the parole revocation proceeding. *Cf. Fooks v. Coughlin*, No. 94-CV-2948 (JG), 1995 WL 441639, at *2 (E.D.N.Y. July 21, 1995). Plaintiff has failed to allege any extraordinary circumstances warranting a departure from *Younger*'s mandate, such as "bad faith, harassment or other unusual circumstances." *Id.* Accordingly, this Court must abstain from enjoining the ongoing state proceeding.

## IV.    Disclosure Request

Plaintiff also seeks an order compelling immediate disclosure of complaints, medical records, and hearing transcripts.  (*See* Doc. No. 1 at 1–3.)  Because plaintiff has failed to allege or establish any entitlement to those disclosures, however, plaintiff's request is denied.  To the extent that plaintiff believes such records may be useful in this action, he may seek disclosure through normal discovery channels.

## V.    Service of Remaining Defendants

Plaintiff's complaint contains allegations against several additional defendants, including: (1) defendant Brian Fuller, identified as a "Parole Officer" for the New York State Parole Office in Queens; (2) defendant Karen McQuade, identified only as a "transcript stenographer;" and (3) four John Doe defendants, identified as a nurse and three "officers" at Queens General Hospital. (*See* Compl. at 1.)  At this stage, plaintiff's claims may proceed against these defendants, but only if they can be identified and properly served.  Currently, neither the complaint nor the Order to Show Cause includes sufficient identifying information to affect service for McQuade or the Doe defendants.[8]  *Compare Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).

The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m); *see also Thompson v. Maldonado*, 309 F.3d 107, 108 (2d Cir. 2002).  It is frequently difficult, however, for *pro se* litigants properly to identify individual officials who must be served.  Consequently, a *pro se* litigant is entitled to some assistance from this Court in identifying a defendant.  *See Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997).

---

[8] Plaintiff does provide an address for Fuller in his Order to Show Cause.  (*See* Doc. No. 1 at 1.)

Accordingly, the Court hereby directs the Corporation Counsel for the City of New York to attempt to ascertain, within 45 days of the date of this Order, the full names and service addresses of the nurse and "officers" at Queens General Hospital named as John Doe defendants. Likewise, the Attorney General of the State of New York is directed to attempt to ascertain, within 45 days of the date of this Order, the whereabouts and service address of Karen McQuade. Once this information is provided, plaintiff's complaint shall be amended to reflect the full names of these individuals, summonses shall issue, and the Court will direct service to be made.

## CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is GRANTED and plaintiff's claims against "Administrative Justice Champbell" and the "Head Supervisor Chairman/Chief Counsel" of the "1st Department Disciplinary Committee" are DISMISSED. No summonses shall issue against those defendants and the Clerk of Court is directed to amend the caption to reflect their dismissal.

The Clerk of Court is also directed to mail copies of (1) the Order to Show Cause (Doc. No. 1); (2) the complaint (Doc. No. 3); and (3) this Memorandum and Order to the Corporation Counsel for the City of New York and to the Attorney General of the State of New York. Finally, the Clerk of Court is directed to transmit a copy of this Memorandum and Order to plaintiff *pro se* by U.S. Mail and to note the mailing on the docket.

This matter is recommitted to Magistrate Judge Lois Bloom for continued pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 25, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge