UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDRE J. RUSHION,

        Plaintiff,

        - against -

NYS DIVISION OF PAROLE, *administrative hearing officer;* BRIAN FULLER, *Parole Officer;* JOHN DOE #1, *Queens General Nurse;* JOHN DOE #2, *Queens General Officer*; JOHN DOE #3, *Queens General Officer;* JOHN DOE #4, *Queens General Officer;* KAREN McQUADE, *Transcript Stenographer*; PRS DEBORAH GULLEY,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**
13-CV-4277 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge:

      Plaintiff *pro se* brings this action pursuant to section 1983 of Title 42 of the United States Code ("section 1983") alleging defendants violated his constitutional rights. Defendant Deborah Gulley moved to dismiss, arguing that plaintiff failed to state a claim against her upon which relief could be granted. As a Parole Revocation Specialist, Gulley is entitled to absolute immunity, and plaintiff's claim against her must be dismissed. Furthermore, on October 21, 2014, Assistant Attorney General Neil Shevlin informed the Court that defendant Karen McQuade ("McQuade") is a stenographer employed by a private transcription firm that contracts with the New York State Department of Corrections and Community Supervision ("DOCCS"). (*See* "Shevlin letter" (Doc. No. 52).) Because McQuade is not a state actor, she is not liable under section 1983, nor has plaintiff pled any facts to suggest that McQuade has violated plaintiff's rights.

**STANDARD OF REVIEW**

To withstand a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Rather, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

The Court is also mindful, however, that plaintiff is proceeding *pro se*. As such, his complaint is held to a less exacting standard than a complaint drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Because *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads plaintiff's complaint to "raise the strongest arguments that [it] suggest[s]." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F. Supp. 257, 259 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the

"strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## DISCUSSION

### A. Defendant Deborah Gulley

In its September 25, 2013 Order, this Court noted that plaintiff's Order to Show Cause identified Gulley as a Parole Revocation Specialist ("PRS"), and in light of plaintiff's *pro se* status, construed this allegation as incorporated in plaintiff's complaint. (*See* Doc. No. 9 at 5.) However, parole officers "receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature." *Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998) (collecting cases). Plaintiff claims that Gulley violated his rights when, acting as a *de facto* prosecutor during a parole revocation hearing, she refused to allow him to present certain evidence. (*See* Doc. No. 9 at 5.) Under *Scotto*, Gulley is immune from such a claim, and plaintiff's claim against her must be dismissed.

### B. Defendant Karen McQuade

In order to maintain a section 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Plaintiff alleges that McQuade "altered and falsified" records in this case. (Compl. (Doc. No. 3) at 11.[1])

---

[1] For ease of reference, the Court will refer to the ECF pagination.

McQuade does not act under color of state law within the meaning of section 1983. She is not a state employee; rather, she is an employee of a private company: The Mechanical Secretary, located in Forest Hills, New York. (Shevlin letter.) According to the Shevlin letter, "DOCCS has contracted with this company to transcribe audio recordings of parole hearings. . . . the stenographers who work for this company do not physically go to Rikers Island to transcribe hearings. Rather, when hearings are recorded, they will, at a later time, transcribe the proceedings upon request." (*Id.*)

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of section 1983. *Brentwood Academy v. Tennessee*, 531 U.S. 288, 304–05 (2001) (discussing whether athletic association was state actor within reach of § 1983); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838–42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action); *Hieshetter v. Sawyer*, No. 14–CV–0176, 2014 WL 1875119, at *5 (W.D. Mich. May 8, 2014) ("A court reporter employed by the state acts under color of state law, while independent contractors do not."); *Burroughs v. Dorn,* No. 13–CV–3609, 2013 WL 3820673, at * 4 (E.D.N.Y. July 22, 2013) (a court reporting and transcription firm utilized in traffic violations hearings before the Department of Motor Vehicles is a private corporation, not a state actor); *Yevstifeev v. Steve*, 730 F.Supp.2d 308, 310–11 (W.D.N.Y. 2010) (defendant freelance court reporter's alleged alterations in transcripts and delay in supplying them to arrestee did not constitute state action, because the court reporter was not employed by the state unified court system).

Moreover, plaintiff has failed to plead any facts to suggest how McQuade, as a transcriber of plaintiff's parole hearing, violated plaintiff's rights. For this reason as well, plaintiff's claims against McQuade must fail.

Plaintiff's complaint therefore fails to state a claim against McQuade, and the Court must therefore dismiss the claim against her under 28 U.S.C. §1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's claims against defendants McQuade and Gulley under section 1983 are dismissed. Plaintiff's claims against defendant Brian Fuller shall proceed pursuant to the schedule previously set by the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45, (1962).

The Clerk of Court is directed to terminate Gulley and McQuade as parties from this action, to mail a copy of this Memorandum and Order to *pro se* plaintiff, and to note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 15, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge